IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND STEAM-FITTERS UNION LOCAL NO. 10 APPRENTICESHIP FUND<br>5312 Distributor Drive<br>Richmond, VA  23225<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA NAPKY,<br>23 N. Cedar Avenue<br>Richmond, VA 23076<br><br>Serve:<br>    Victoria Napky<br>    23 N. Cedar Avenue<br>    Richmond, VA 23076<br><br>Defendant. | Civil Action No.   3:24cv180 |

## COMPLAINT

Plaintiff, Trustees of the Plumbers and Steamfitters Union Local No. 10 Apprenticeship Fund ("Plaintiff"), by and through their undersigned counsel, O'Donoghue & O'Donoghue LLP, hereby bring suit against Defendants Victoria Napky ("Defendant" or "Ms. Napky") for restitution under the federal Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and federal and state common law of unjust enrichment, as set forth below.

1. Plaintiff seeks equitable relief from Defendant's unjust enrichment for the period from August 5, 2022 thru February 29, 2023, where Defendant received an aggregate sum of $58,590.00 from continuous erroneous and unwarranted payments due to an administrative error

by the Plumbers and Steamfitters Local No. 10 Apprenticeship Fund (the "Fund") paid to Ms. Napky after she had terminated her employment with the Fund.

2. Defendant was employed by the Fund from June 22, 2022 thru August 5, 2022, at which time Ms. Napky was being paid for forty hours per week in the same manner as the Fund paid its training instructors, with wages of $48.00 per hour, a figure based on the overtime rate for journeyperson steamfitters working under the Richmond Collective Bargaining Agreement between the Plumbers and Steamfitters Union Local No. 10 (the "Local" or "Local 10") and the Virginia Association of Contractors. As with the Fund's training instructors, Ms. Napky was not provided with the pension, medical, and other fringe benefit contributions provided for to employees working under the Local 10 Collective Bargaining Agreement. These payments were directly deposited into Ms. Napky's bank account.

3. On August 5, 2022, Local 10 hired Ms. Napky to work full time for the Local as a permanent employee, thereby terminating her employment with the Apprenticeship Fund. Her terms and conditions of employment provided that she would receive a salary based on a $32.00 per hour wage rate for 40 hours of work per week, which was the straight time journeyperson rate for steamfitters under the Local 10 Collective Bargaining Agreement at the time. Additionally, Local 10 would make the following fringe benefit contributions on behalf of Ms. Napky to provide her with a defined benefit pension plan, a defined contribution pension plan, and fully-paid family medical coverage. These contributions were paid respectively to the UA National Pension Fund

in the hourly amount of $5.31, to the Plumbers and Steamfitters Union Local No. 10 Individual Account ("Annuity") Fund in the hourly amount of $4.26, and the Plumbers and Steamfitters Union Local No. 10 Health and Welfare Fund in the hourly amount of $7.78, for total fringe benefit contributions made on Ms. Napky's behalf of $17.35 per hour or $694.00 per week in fringe benefit contributions.

4.     As explained in detail below, after Defendant was hired as a full-time employee of the Local, Ms. Napky continued to receive unwarranted payments from the Apprenticeship Fund which continued to be directly deposited into her bank account.  Defendant failed to notify Plaintiff of these unwarranted payments, and such unwarranted payments continued until discovered by Plaintiff on or around February 29, 2023.

**PARTIES**

5.     Plaintiff is a welfare benefit fund under ERISA as defined by 29 U.S.C. §1002(1). The Fund is established according to its Restated Agreement and Declaration of Trust and is governed, pursuant to 29 U.S.C. §186, by a six-person Board of Trustees made up of an equal number of representatives of labor and management.  The Trustees are fiduciaries under Section 403 of ERISA, 29 U.S.C. §1103 and, as such, are entrusted with financial oversight of the Fund. In addition to the Trustees, the day-to-day operations of the Fund are overseen by a Training Director and a Joint Apprenticeship Training Committee (or "JATC") also made up of an equal number of representatives of labor and management.  The Apprenticeship Fund provides a five-

year training program to teach the skills necessary for individuals to become journeypersons in plumbing, pipefitting, welding, HVAC ("heating, ventilation, and air conditioning") service technicians, and other branches of what are known as the mechanical trades.  The JATC helps develop the training curricula used in the program, which, is in turn, overseen by the Training Director, and taught in the evening by instructors who also work at the trade under Local 10's Collective Bargaining Agreement.  In addition to attending the classes taught at the Apprenticeship School, apprentices work at the trade as an integral part of their learning experience, receiving wages and benefits required under the Local 10 Collective Bargaining Agreement.  The Apprenticeship Fund provides instruction at its facility at 5312 Distributor Drive in Richmond, VA, while its financial administration is handled in the offices of Southern Benefit Administrators, Inc., 2001 Caldwell Drive, Goodlettsville, TN 37072-3589.

6. Defendant Victoria Napky is an individual who maintains a primary residence at 23 N. Cedar Avenue, Richmond, VA 23075.

**JURISDICTION**

7. Plaintiff is asserting causes of action that arise under ERISA, and federal and state common law of unjust enrichment.

8. The jurisdiction of this Court is based on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3).  This Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions, and the Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### FACTUAL ALLEGATIONS

10.     Prior to her employment with the Fund, Ms. Napky was a journeyperson member of Local 10, having progressed through its apprenticeship training program to achieve that status. In that capacity, she worked for various employers in the mechanical trades who were signatory to the Local 10 Collective Bargaining Agreement and received the wages and benefits provided for under the Agreement.

11.     On or around May of 2022, Ms. Napky was laid off from her employment for lack of work as a job on which she was working was winding down.

12.     On or around June of 2022, Local 10 held its Union elections and a brand-new slate of officers, including a new Business Manager, the chief executive officer of Local 10, and two new Business Agents, assumed office.  The new Business Manager, Nate Davenport, and the two new Business Agents, Neale Kelly and William Dunn, also became Trustees of the Fund at that time.

13.     On or around June 22, 2022, the Fund hired Ms. Napky to assist the Fund's Training Director in the office. As a contractual employee, Ms. Napky received as pay the overtime rate of a journeyperson of the Local with no additional benefits as set forth in paragraph 2 of this Complaint.  This amount was directly deposited in her bank account on a weekly basis beginning June 22, 2022.

14.     On or around August 5, 2022, Ms. Napky accepted a position offered to her by Mr. Davenport to work as a full-time employee of Local 10.  As a full-time employee of Local 10, Ms.

5

Napky received the regular rate of pay for a journeyman for the Local including Pension Annuity and Health and Welfare coverage as set forth in paragraph 3 of this Complaint.

15. Due to an internal communication error, Ms. Napky's weekly payments from the Fund continued to be directly deposited into her account after she terminated her employment on August 5, 2022.

16. From August 5, 2022 thru February 29, 2023, Ms. Napky received both her full-time employee salary from the Local and, unbeknownst to Plaintiff, an unwarranted and erroneous payment from the Fund on a weekly basis.

17. Ms. Napky never notified Plaintiff that she was still receiving payment from the Fund after her employment with the Fund had ceased due to her accepting full-time employment with the Local.

18. On or about February 29, 2023, Plaintiff discovered that Ms. Napky was receiving these unwarranted and erroneous payments from the Fund.

19. On March 3, 2023, the Union Trustees of the Plaintiff met with Ms. Napky and inquired as to her knowledge of these continued unwarranted and erroneous payments.  At this meeting, Ms. Napky professed ignorance of these excess payments, but offered to pay the money back to the Fund.  Concerned with the failure of Ms. Napky to bring this matter to his attention, the Business Manager of Local 10 terminated her employment with the Local at the conclusion of this meeting.

20. Despite having represented that she would repay the erroneously received wages, Ms. Napky never did so and pointedly refused to do so when pressed with the threat of legal action.

## COUNT I
## CIVIL ACTION FOR EQUITABLE RELIEF UNDER ERISA

21. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in Count I.

22. Defendant was unjustly enriched by Plaintiff in the aggregate amount of $58,590.00. Plaintiff now seeks to recoup fund losses through this action of equitable relief in accordance with 29 U.S.C. §1132(a)(3)(B).

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1. That the Court find the Defendant was unjustly enriched by the erroneous and unwarranted payments and therefore must restore Plaintiff for the full amount, including any reasonable counsel fees and costs, and such other and further restitution as is deemed appropriate by the Court.

2. For such further relief as the Court may deem appropriate.

Dated: <u>March 11, 2024</u>

Respectfully submitted,

　/s/ Jacob N. Szewczyk　
Jacob N. Szewczyk, Esq. (VA Bar No. 89617)
Charles W. Gilligan, Esq.*
Sumbul I. Alam, Esq.*
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue NW, Suite 800
Washington, DC  20015
Telephone (202) 362-0041
Facsimile (202) 362-2640
jszewczyk@odonoghuelaw.com
cgilligan@odonoghuelaw.com
salam@odonoghuelaw.com
*Application for Appearance Pro Hac Vice Forthcoming*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND STEAM-FITTERS UNION LOCAL NO. 10 APPRENTICESHIP FUND,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA NAPKY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the ERISA, 29 U.S.C. § 1132(h), this <u>11th</u> day of March 2024 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

    Attention:  Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

    Attention:  Assistant Solicitor for Plan Benefits Security

By:     /s/_____
       Jacob N. Szewczyk, Bar No. 89617
       O'DONOGHUE & O'DONOGHUE LLP

       *Counsel for Plaintiff*