IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND STEAM-FITTERS UNION LOCAL NO. 10 APPRENTICESHIP FUND, <br><br> Plaintiff, <br><br> v. <br><br> VICTORIA NAPKY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:24-cv-00180 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS</u>**

Plaintiff, Trustees of the Plumbers and Steamfitters Union Local No. 10 Apprenticeship Fund ("Plaintiff" or "Fund"), by and through undersigned counsel, O'Donoghue & O'Donoghue LLP, and pursuant to Local Civil Rule 7(F), submits the instant memorandum of law in opposition to Victoria Napky's (the "Defendant" or "Ms. Napky") Motion to Dismiss Plaintiff's Complaint. (Docket No. 9 (hereinafter, "Motion").) Despite Defendant's best efforts to cast this lawsuit as a dispute over wages, the Complaint contains sufficient factual allegations to withstand dismissal.

**I.    Procedural Posture**

On March 11, 2024, Plaintiff filed this action against Defendant seeking equitable relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), and federal and state common law claims of unjust enrichment. (Docket No. 1 (hereinafter, "Complaint" or "Compl.").) Defendant responded to the

Complaint by filing the instant Motion, asserting that the Complaint should be dismissed because Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Motion at 1.) The Motion also seeks to dismiss claims arising under state law for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**II.     Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US 662, 678 (2008) (citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, but it demands more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.*

When assessing the sufficiency of a complaint, the Court must "assume as true all [of plaintiff's] well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) (emphasis added).

Determining whether a complaint states a plausible claim for relief is context specific and requires the court to "draw on its judicial experience and common sense." *Id.* at 679. In other words, if the factual allegations, taken as true, "permit the court to infer more than the mere possibility of misconduct," then the court must deny the motion to dismiss. *A Society Without a Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal,* 550 US at 678). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 550 US at 678.

**III.    Analysis**

   *a.    Defendant's Argument for Dismissal is Premised on the Erroneous Assertion that Monies Received by Defendant Post-Employment Converts the Fund's Claim to a Wage Dispute.*

Plaintiff, as the Fund's named fiduciary within the meaning of Section 402(a) of ERISA, 29 U.S.C. § 1102(a), has a common law duty to preserve and maintain trust assets. *See Central States, Se. & Sw. Areas Pension Fund v. Central Trans., Inc.*, 472 U.S. 559, 570-72 (1985) (citing G. Bogert & G. Bogert, LAW OF TRUSTS AND TRUSTEES § 582 (2d rev. ed. 1980)). In accordance with this duty, trustees are expected to "use reasonable diligence to discover the location of the trust property and to take control without necessary delay." *Id.*, 472 US at 572. ERISA itself contains comprehensive rules governing the operation of employee welfare benefit funds, such as the Fund.

Defendant "presume[es]" that this action was brought under Section 502(a)(3) of ERISA based solely on the Fund being subject to ERISA. (Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (hereinafter, "Memo") at 5-6.) This statement, and the arguments advanced by Defendant in support of same, demonstrate a fundamental misunderstanding of the relevant facts and applicable law.

This action is not premised on any wage or employment dispute between the Fund and Defendant; Defendant received the impermissible payments that are the subject of this litigation over a six-month period *after* she left her position with the Fund. (Compl. ¶¶ 2-4, 13-16.) Defendant also conflates the Fund and the Local Union, which are separate, distinct legal entities. *See Waggoner v. Dallaire*, 649 F.2d 1362, 1368 (9th Cir. 1981) ("As a matter of federal law, a union and its representatives are not agents of a trust fund created by a collective bargaining agreement. Trust authorities set up pursuant to section 302 of the [Taft-Hartley Act] have long been

3

held to constitute a distinct and independent entity separate from the union that negotiates the collective bargaining agreement establishing a trust."). Ms. Napky's subsequent employment with the Local Union would not entitle her to wages from Plaintiff.

Rather, this is a case in which Defendant received erroneous monies from the Fund "after she terminated her employment" and "never notified Plaintiff that she was still receiving [this] payment." (Compl. ¶¶ 15, 17.) The Motion's attempt to characterize these monies as being part of a wage dispute lacks any basis in law or fact. "Wages" are "compensation of an employee based on time worked or output of production." BLACK'S LAW DICTIONARY, Wage (11th ed. 2019). At no point in her Motion does Defendant offer any conceivable explanation for how erroneous monies received over a six-month period after termination of employment can be construed as wages. Even the regulation cited by Defendant for the proposition that wages are not subject to ERISA defeats her argument: an employee welfare plan does not include "compensation *on account of work performed*" by an employee. 29 C.F.R. § 2510.3-1(b) (emphasis added); Memo at 8-9. Ms. Napky was not a Fund employee when she received these monies and, as such, was not receiving compensation for work she performed. (Compl. ¶¶ 12-14.)

Defendant's focus on the Complaint's lack of reference to a specific plan provision that Ms. Napky violated ignores that Section 502(a)(3) of ERISA permits actions to redress violations of ERISA itself. And Ms. Napky's actions – or lack thereof – implicate various provisions of ERISA. ERISA mandates that all monies be held in trust for the "exclusive purposes of *providing benefits* . . . and defraying reasonable expenses of *administering* the plan." 29 U.S.C. § 1103(c)(1) (emphasis added). Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D) requires named fiduciaries to administer the Fund in accordance with its governing documents. Furthermore,

4

ERISA makes any person who exercises discretionary controls over assets of the plan, as here, a fiduciary. 29 U.S.C. § 1002(21).

Defendant was well aware that the monies she received from the Fund after she terminated her employment were erroneous, as demonstrated by the fact that she "professed ignorance" regarding the overpayments yet "offered to pay the money back to the Fund," despite never doing so. (Compl. ¶ 19.)

> b. *Plaintiff's Complaint Sufficiently Pleads Facts Demonstrating a Right to Relief Under Section 502(a)(3) of ERISA.*

The Complaint makes clear that Plaintiff is seeking recoupment of monies that unjustly enriched Ms. Napky. (Compl. ¶¶ 21-22.) It is well-established that courts of equity *typically* award restitution by ordering the unjustly enriched individual to return the specified amounts of "wrongfully obtained" money to its rightful owner. *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 500 (4th Cir. 2023) (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)). As Ms. Napky wrongfully retained the Fund's money, Plaintiff may recover same.

The Complaint contains sufficient factual allegations that, taken as true and drawing "all reasonable factual inferences from those facts in the plaintiff's favor," survive Defendant's Motion. Contrary to Defendant's argument, the Complaint pleaded sufficient facts demonstrating that Plaintiff has a colorable claim under Section 502(a)(3) of ERISA: Ms. Napky was employed by the Fund until August 5, 2022; after her employment with the Fund ended, she continued receiving monies from an ERISA-governed Fund to which she was not entitled; Ms. Napky failed to inform the Fund of this fact and, as a result, received over $58,000.00; and she has not returned the money she received from the Fund to which she was not entitled. (Compl. ¶¶ 3-4, 13-17, 20.) Moreover, the Fund identifies the specific assets for which in seeks recovery: post-employment, improper payments deposited in Ms. Napky's bank account, not her general assets. *See Montanile v. Bd. of*

5

*Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 144-45 (2016); *Rose*, 80 F.4th at 500 ("A plaintiff can recover money under [ERISA] § 502(a)(3) only if a court of equity could have awarded it in a concurrent-jurisdiction case, and a court of equity could award money when a plaintiff pointed to specific funds that he rightfully owned but that the defendant possessed as a result of unjust enrichment"). These facts are sufficient at this stage to place Defendant on notice of the claim made against her.

Accordingly, the Complaint must survive the Motion.

c. *Defendant's Remaining Arguments Are Similarly Flawed.*

While the Defendant is correct that the *Rose* case requires that the Plaintiff identify particular funds that are under the Defendant's control, she mistakenly assumes that such funds cannot be comingled with other assets. "[N]either the Supreme Court nor the Fourth Circuit has decided whether the identifiable funds must be in a separate account or can be recovered even if commingled with other funds controlled by the defendant." *See Arrington v. Sun Life Assurance Co. of Canada*, Case No. TDC-18-0563, 2019 WL 2571160, at *14 (D. Md. 2019). The Complaint identifies the specific funds that Plaintiff seeks to recover, *i.e.*, weekly payments made to Ms. Napky from August 5, 2022 through February 29, 2023, (Compl. ¶ 16), defeating Defendant's argument pertaining to the recovery Plaintiff seeks.

Next, Defendant asserts that a claim based on common law unjust enrichment must be dismissed "because [Plaintiff's] ERISA claim fails." (Memo at 13-14.) As Plaintiff's have already demonstrated, its claim under ERISA satisfies the requisite pleading standards to survive a motion to dismiss. As such, and because Defendant's argument relies on speculation as to how the Court will rule, this argument must fail.

Defendant further argues that because Plaintiff's ERISA and federal common law claims fail, the Court lacks jurisdiction over any state law claims and dismissal is required under Rule 12(b)(1). (Memo at 14-15.) Again, Defendant's argument turns on the assumption that its Motion will be granted. This argument fails for reasons addressed, *supra*.

    d. *Any Purported Deficiencies in Plaintiff's Complaint Are Easily Rectified by Filing an Amended Complaint.*

If the Court is inclined to grant Defendant's Motion, any deficiencies with the Complaint will be resolve in an amended complaint permitted under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Should an amended complaint under Rule 15(a)(1) be unavailable and the Court grants the Motion, Plaintiff respectfully requests leave to amend its Complaint. *Fariasantos v. Rosenberg & Associates, LLC*, 303 F.R.D. 272, 279 (E.D. Va. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

## IV. Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court deny the instant Motion in its entirety.

Dated: <u>May 13, 2024</u>                                    Respectfully submitted,

    <u>/s/ Jacob N. Szewczyk</u>
Jacob N. Szewczyk, Esq. (VA Bar No. 89617)
Charles W. Gilligan, Esq. *pro hac vice*
Sumbul I. Alam, Esq.*
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue NW, Suite 800
Washington, DC  20015
Telephone (202) 362-0041
Facsimile (202) 362-2640
jszewczyk@odonoghuelaw.com
cgilligan@odonoghuelaw.com
salam@odonoghuelaw.com
*\*Application for Appearance Pro Hac Vice Forthcoming*