IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND STEAM-FITTERS UNION LOCAL NO. 10 APPRENTICESHIP FUND, <br><br> Plaintiff, <br><br> v. <br><br> VICTORIA NAPKY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 3:24-cv-00180** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Trustees of the Plumbers and Steamfitters Union Local No. 10 Apprenticeship Fund ("Plaintiff" or "Fund"), by and through undersigned counsel, O'Donoghue & O'Donoghue LLP, and pursuant to Local Civil Rule 7(F), submits the instant memorandum of law in opposition to Victoria Napky's (the "Defendant" or "Ms. Napky") Motion to Dismiss Plaintiff's Amended Complaint. (Docket No. 14 (hereinafter, "Motion").) Despite Defendant's best efforts to cast this lawsuit as a dispute over wages, a review of the correct law and facts demonstrates that Plaintiff's Amended Complaint, (Docket No. 13 (hereinafter, "Am. Compl." or "Amended Complaint")), states a claim upon which relief can be granted by the Court such that Defendant is not entitled to dismissal of same.

## I.     PROCEDURAL POSTURE

On March 11, 2024, Plaintiff filed this action against Defendant seeking equitable relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), and federal and state common law claims of unjust enrichment. (Docket No. 1.) Plaintiff subsequently amended its complaint and filed same on May 17, 2024. (Docket No. 13 (hereinafter, "Am. Compl." Or "Amended Complaint").) Defendant responded to the Amended Complaint by filing the instant Motion, asserting that the Complaint should be dismissed because Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Motion at 1.) The Motion also seeks to dismiss claims arising under state law for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US 662, 678 (2008) (citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, but it demands more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.*

When assessing the sufficiency of a complaint, the Court must "assume as true all [of plaintiff's] well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) (emphasis added).

Determining whether a complaint states a plausible claim for relief is context specific and requires the court to "draw on its judicial experience and common sense." *Id.* at 679. In other words, if the factual allegations, taken as true, "permit the court to infer more than the mere possibility of misconduct," then the court must deny the motion to dismiss. *A Society Without a Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal,* 550 US at 678). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 550 US at 678.

### III.   ANALYSIS

a.   *Defendant's Motion Turns on Incorrect Characterizations of Law and Fact*

The Motion broadly asserts, without a scintilla of factual support, that this lawsuit is a dispute over "wages," a characterization that is illogical under any reading of the Amended Complaint. (*See, e.g.*, Motion at 1-2, 7, 8.) To be "wages," the monies must be "[(1)] compensation of an employee [(2)] based on time worked or output of production." BLACK'S LAW DICTIONARY, Wage (11th ed. 2019); *see also* 26 U.S.C. § 3121(a) (defining "wages" as "all remuneration for employment"). At no point in her Motion does Defendant offer any conceivable explanation for how the monies Plaintiff seeks – weekly deposits for six months after Defendant terminated her employment with the Fund – are "compensation" for "time worked or output of production" from the Fund.[1] It is axiomatic that monies to which a former employee comes into possession after

---

[1] In the Motion, Defendant "denies she owes Plaintiff anything, as Plaintiff agreed to pay Defendant the wages at issue." (Motion at 13 n.8.) Aside from being another example Defendant's recurring conclusory assertion as to what the money at issue is without a meaningful explanation for that position based on the facts pled in the Amended Complaint, Defendant's statement is not proper for consideration on a motion to dismiss under 12(b)(6). *See Tam Anh Pharm. v. Deutsche Bank & Trust Co.*, 583 F. App'x 216 (Mem), at 217 (noting that the court is generally limited to the four corners of the complaint and any documents attached to, or reference in, same).

terminating employment and receiving her final paycheck cannot be for work performed for that former employer. Defendant's attempts to characterize the monies as anything else is disingenuous.

The cases Defendant relies upon in her Motion are distinguishable. In *Perdue Farms, Inc. v. Travelers Cas. & Surety Co. of Am.*, 448 F.3d 252 (4th Cir. 2006), a case referenced in the Motion, (Motion at 8), Defendant is correct that, in dicta, the Fourth Circuit noted that ERISA "was not designed to address every conceivable aspect of an employee's monetary rights." 448 F.3d at 261. However, *Perdue Farms* addressed an insurers duty to defend and duty to indemnify in the context of a hybrid class action raising both ERISA and Fair Labor Standards Act ("FLSA") claims. 448 F.3d at 206-262. Defendant's cherrypicked quote does not support her argument.

Defendant also cites *Norfolk Community Services Board v. Berardi*, 84 Va. Cir. 310, 310 (Cir. Ct. 2012), for the proposition that companies "regularly seek the return of alleged unearned wages in state court . . . based on the theory of unjust enrichment." (Motion at 11 n.6 (citing *Berardi*, 84 Va. Cir. at 310).) Assuming, for the sake of argument, that the foregoing statement is true, nothing in *Berardi* stands for the proposition that an employee benefit fund – which was not a party in *Berardi* – is precluded from recovering assets of an employee benefit plan paid to a former employee by utilizing the civil enforcement mechanism established by ERISA.

Stated differently, Defendant's position and characterization are not supported by the distinguishable cases cited in its Motion, and at the motion to dismiss stage, the Court must "assume as true all [of plaintiff's] well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017).

b.    The Amended Complaint Clearly Identifies the Terms of ERISA and the Fund's Plan Documents that Plaintiff Seeks to Enforce

The Motion further asserts that the Fund "has not alleged that Ms. Napky violated either ERISA or any applicable plan." (Motion at 11.) But Defendant glosses over the Amended

4

Complaint's reference to various terms of the Fund's Trust Agreement. (*See*, *e.g.*, Am. Compl. ¶¶ 20-26.) As courts have recognized, an ERISA plan's trust agreement is a "plan document" that forms part of a plan. *Mull ex rel. Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209-10 (9th Cir. 2017) ("The Board carried out the Trust Agreement's directive by approving the SPD. . . . The natural conclusion is that 'the plan' is comprised of two documents: the Trust Agreement and the SPD." (Internal citations omitted)).

As set forth in the Amended Complaint, the Fund's Trust Agreement provides, *inter alia*, the purposes for which monies of the Fund may be used, *viz.*, providing training and educational programs and paying reasonable and necessary expenses for the operation and administration of the Fund. (Am. Compl. ¶ 23.) The Amended Complaint also cites to ERISA's requirement that plan assets be held in trust. (Am. Compl. ¶ 22.) As the Amended Complaint explains, Ms. Napky's receipt of plan assets after terminating her employment with the Fund violates the terms of a governing plan document because Defendant received and has refused to return money that is not authorized under the terms of the Trust Agreement and to which Defendant has no legal right, a violation of which Plaintiff may enforce through Section 502(a)(3) of ERISA.

The cases cited in the Motion do not call for a different result. Defendant asserts that *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496 (7th Cir. 2011), is "instructive." (Motion at 12.) That case is factually and legally distinguishable from the instant lawsuit. In *Kolbe*, the plan document explicitly limited the individuals against whom the health fund could seek recovery of an overpayment, namely "Covered Persons" defined as participants and dependents. 657 F.3d at 502. Moreover, the defendant in *Kolbe* was a medical provider who provided services to someone who *was not* a Covered Person (but for whom the health fund paid benefits). *Id.* at 501-03. And the argument advanced by plaintiff in that case was that the recipient

5

of medical services was never a "Covered Person," precluding the health fund from looking to enforce the explicitly narrow plan provision that did not encompass the parties. *Id.* at 502.

The defects in *Kolbe* are not present here, and Defendant's attempt to analogize Plaintiff's lawsuit to *Kolbe* without noting these critical facts does not demonstrate that the Fund lacks a colorable claim under Section 502(a)(3).

c.  *The Amended Complaint Pleads Sufficient Facts to State a Claim for Relief Under Section 502(a)(3) of ERISA*

Plaintiff's claim under Section 502(a)(3) is equitable in nature notwithstanding the fact that Plaintiff would recover property from Ms. Napky that is monetary. "As stated in [*Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)], a claim for equitable restitution must seek not 'to impose personal liability on the defendant, *but to restore to the plaintiff particular funds or property in the defendant's possession.*'" *Bowling v. PBG Long-Term Disability Plan*, 584 F. Supp. 797, 810 (D. Md. 2008) (quoting *Great-West,* 534 U.S at 214) (emphasis added). Finding that the relief sought under 502(a)(3) in *Sereboff v. Mid-Atl. Servs. Inc.*, 547 U.S. 356, 361 (2006), was equitable, the Supreme Court observed:

> [Mid-Atlantic] alleged breach of contract and sought money, to be sure, but it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the Sereboffs' assets generally, as would be the case with a contract action at law.

*Sereboff*, 547 U.S. at 363; *see also Bowling*, 584 F. Supp. 2d at 813 (noting that Circuit Courts and District Courts have found the recovery of overpayments to be equitable for purposes of Section 502(a)(3) of ERISA).

Here, Plaintiff does not seek money damages from Defendant; rather, Plaintiff seeks equitable restitution of monies that unjustly enriched Ms. Napky when she had no legal right to such monies. (Am. Compl. ¶¶ 16-19.) The Fourth Circuit requires that a party satisfy three

6

requirements to establish a right to equitable restitution with respect to recovering property. The party must show the property it seeks to recover "(1) is specifically identifiable, (2) belongs in good conscience to the plan, and (3) is within the possession and control of the defendant." *Retirement Comm. of DAK Ams. LLC v. Brewer*, 867 F.3d 471, 479 (4th Cir. 2017). Moreover, the Fund identifies the specific assets for which it seeks recovery: post-employment, improper payments deposited in Ms. Napky's bank account, not her general assets. (Am. Compl. ¶¶ 24-26); *see Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 144-45 (2016); *Rose*, 80 F.4th at 500 ("A plaintiff can recover money under [ERISA] § 502(a)(3) only if a court of equity could have awarded it in a concurrent-jurisdiction case, and a court of equity could award money when a plaintiff pointed to specific funds that he rightfully owned but that the defendant possessed as a result of unjust enrichment"). (Am. Compl. ¶¶ 15-17, 24-26.) The Amended Complaint further pleads that the monies retained by Ms. Napky belong in good faith to the Fund because, *inter alia*, the Fund's governing Trust Agreement and ERISA do not authorize the monies received by Ms. Napky. (Am. Compl. ¶¶ 15-17, 22-24.) And Plaintiff believes that those particular monies are still within Defendant's possession. (Am. Compl. ¶ 26.)

While Defendant disagrees with Plaintiff's position, its disagreement and attempts to attack the Amended Complaint are not sufficient to warrant dismissal of this action.

d.      *Plaintiff's State Law Claims Are Properly Before the Court*

Defendant's final argument is that the Court lacks subject matter jurisdiction to consider Plaintiff's claims arising under state law. (Motion at 17-18.) Defendant's argument turns on a finding that the Fund's ERISA claim should be dismissed – which, as demonstrated above, it should not. Accordingly, Defendant's argument is premised on the Court granting its Motion with respect to

7

the ERISA claim; if the Court denies the Motion as is appropriate, the Court retains jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(a).

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the instant Motion in its entirety.

Dated: June 13, 2024

Respectfully submitted,

/s/ Jacob N. Szewczyk
Jacob N. Szewczyk, Esq. (VA Bar No. 89617)
Charles W. Gilligan, Esq. *pro hac vice*
Sumbul I. Alam, Esq.*
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue NW, Suite 800
Washington, DC 20015
Telephone (202) 362-0041
Facsimile (202) 362-2640
jszewczyk@odonoghuelaw.com
cgilligan@odonoghuelaw.com
salam@odonoghuelaw.com
*Application for Appearance Pro Hac Vice Forthcoming*